IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CRANDALL LEE KOA'IO PENAFLOR, #A0072574, | ) ) ) | CIV. NO. 18-00458 JAO-KJM |
| | ) | DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, STATE OF HAWAII, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Crandall Lee Koa'io Penaflor's civil rights Complaint brought pursuant to 42 U.S.C. §§ 1985 and 1986, and unspecified "'Unconstitutional Criminal' violations committed by the United States of America" and the State of Hawaii. ECF No. 1, PageID #1. Penaflor seeks a declaratory judgment that the "1893, illegal overthrow of the lawful Hawaiian Kingdom government, through the 1959, Statehood Act, has been officially nullified by the admissions of the Defendants in their 1993, 'Apology Resolution,' dom[e]stic law." *Id.* at PageID #22. He alleges that the Apology Resolution is now "officially recognized as a matter of United States 'domestic law'. . . [it] cannot be denied." *Id.* at PageID #3.

Penaflor's Complaint fails to state a colorable claim for relief and is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Granting leave to amend is futile, and this dismissal is with prejudice.

## I. **STATUTORY SCREENING**

As a prisoner proceeding in forma pauperis, the court must screen Penaflor's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate, *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

Penaflor alleges that the United States and the State of Hawaii are "puppet" governments who have "no legal authority and/or jurisdiction, over him, his children, et al., and all other children that are descendants of the Hawaiians who inhabited the Hawaiian Archipelago, upon its 'Apology Bill' Pub. L. 103-150." Compl., ECF No. 1, PageID #20. He claims Defendants have violated state and federal law by failing to "reinstate the Hawaiian Queen back into her rightful sovereign authority pursuant to Article 22, of the Hawaiian Constitution to govern

her people and their islands." *Id.* at PageID #15. Penaflor seeks a declaratory judgment that the "illegal overthrow of the lawful Hawaiian Kingdom . . . has been officially nullified by the admissions of the Defendants in their 1993, 'Apology Resolution.'" *Id.* at PageID #22.

To the extent Penaflor seeks declaratory judgment, or any other claim for relief, based on his allegations that he is a sovereign citizen of the Hawaiian Kingdom and the United States and the State of Hawaii are in violation of the Apology Resolution of 1993, he cannot state a claim.

"In 1993, Congress enacted a joint resolution 'to acknowledge the historic significance of the illegal overthrow of the Kingdom of Hawaii, to express its deep regret to the Native Hawaiian people, and to support the reconciliation efforts of the State of Hawaii and the United Church of Christ with Native Hawaiians.'" *Hawaii v. Office of Hawaiian Affairs*, 556 U.S. 163, 168 (2009) (discussing the "Joint Resolution to Acknowledge the 100th Anniversary of the January 17, 1893 Overthrow of the Kingdom of Hawaii, Pub.L. 103-150, 107 Stat. 1513 (Apology Resolution)). Although the Apology Resolution "apologize[d]" for the United States' "role in overthrowing the Hawaiian monarchy, § 1," it affirmatively declared that nothing in the resolution was "intended to serve as a settlement of any claims against the United States, § 3." *Id.* at 169 (citing Pub. L. 103-150, 107 Stat.

1514). The United States Supreme Court stated that the "Apology Resolution reveals no indication–much less a 'clear and manifest' one–that Congress intended to amend or repeal the State's rights and obligations under the Admission Act (or any other federal law)." *Id.* at 175-76. Thus, nothing within the Apology Resolution authorizes this court to issue the declaratory judgment Penaflor seeks – reinstatement of the Kingdom of Hawaii.

To the extent Penaflor asserts that he is not subject to the laws of the United States or the State of Hawaii, based on the theory that the Kingdom of Hawaii is a sovereign nation, that assertion is without merit. The Ninth Circuit, the District Court for the District of Hawaii, and the Hawaii state courts have consistently rejected this argument. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents claiming they are citizens of the Kingdom of Hawaii); *Gilbert v. Fed. Nat'l Mortgage Ass'n*, 2017 WL 6519017, at *4 (D. Haw. Dec. 20, 2017) (same); *United States v. Lindsey*, 2013 WL 7121226, at *1 (D. Haw. Aug. 8, 2013) (same); *Hawaii v. Kaulia*, 128 Haw. 479, 487, 291 P.3d 377, 385 (2013) (finding that "[i]ndividuals claiming to be citizens of the Kingdom [of Hawaii] and not of the State are not exempt from application of the State's laws"); *Hawaii v. French*, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no

5

factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature." (quotations omitted)).

Penaflor cannot state a claim based on his allegations regarding the Apology Resolution or the Kingdom of Hawaii and this action must be dismissed.

### III. **28 U.S.C. § 1915(g)**

This dismissal may count as a "strike" under 28 U.S.C. § 1915(g), which states that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### IV. **CONCLUSION**

Penaflor is unable to state a plausible claim for relief based on the allegations in the Complaint. Amendment is futile, therefore the Complaint and this action are DISMISSED with prejudice. The Clerk is directed to enter judgment and close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, December 7, 2018.



   /s/ Jill A. Otake_____
Jill A. Otake
United States District Judge

Civil No. 18-00458 JAO-KJM; *Penaflor v. United States, et al.*; DISMISSAL ORDER