IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CRANDALL LEE KOA'IO PENAFLOR, #A0072574, | ) ) ) | CIV. NO. 18-00458 JAO-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) ) | |
| UNITED STATES OF AMERICA, STATE OF HAWAII, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is pro se Plaintiff Crandall Lee Koa'io Penaflor's "Objection to the District Courts Dismissal Order," which is construed as a Motion for Reconsideration of the December 7, 2018 Dismissal Order. Penaflor objects to the Court's determination that granting leave to amend his claims was futile and its dismissal of this action with prejudice. *See* Order, ECF No. 6. Penaflor asserts that, because he is proceeding pro se and has limited education and legal knowledge, the Court should have granted him leave to amend his Complaint before this action was dismissed with prejudice.

## I. **DISCUSSION**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence []; (3) fraud []; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged []; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Where none of these factors is present the motion is properly denied. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations, and emphasis omitted).

Penaflor brought this suit to hold the United States criminally liable for its failure to restore the Kingdom of Hawaii as a sovereign government after the United States Congress enacted the Joint Resolution to Acknowledge the 100th Anniversary of the January 17, 1893 Overthrow of the Kingdom of Hawaii, Pub. L. 103-150, 107 Stat. 1513 ("Apology Resolution"), in 1993. Penaflor reargues this issue in its entirety in his Motion for Reconsideration.

While Penaflor is correct that a court must liberally construe pro se litigants' pleadings and grant leave to amend if it appears that a defective claim or complaint can be corrected, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), this Court remains convinced that amendment here is futile. Nothing within the Motion for Reconsideration or the Complaint allows an inference that Penaflor can amend his claims to state a colorable claim against the United States based on the Apology Resolution, much less bring a criminal action to reinstate the Kingdom of Hawaii. Granting leave to amend would have been futile, *see Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013), and Penafor's Motion for Reconsideration is DENIED.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaiʻi, January 7, 2019.

Jill A. Otake
United States District Judge

*Penaflor v. United States, et al.*, No. 1:18-cv-00458 JAO-KJM; recon '19 Penaflor 18-458 jao (dny recon HI Sov. Apol. Act)